UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FAMILY ORCHARDS, LLC, a Delaware
limited liability company,

    Plaintiff,

v

PENINSULA TOWNSHIP, a Michigan
municipal corporation,

    Defendant.

CASE NO.

HON.

Andrew J. Blodgett (P68259)
PARKER HARVEY PLC
Attorneys for Plaintiff
901 S. Garfield Avenue, Suite 200
Traverse City, MI  49686
231-929-4878
ablodgett@parkerharvey.com

**This case is legally related to *Wineries of the Old Mission Peninsula (WOMP) Association, et al., v. Peninsula Township*, Case No. 1:20-cv-1008-PLM-RSK, currently pending before the Honorable Paul L. Maloney.**

## COMPLAINT

Plaintiff FAMILY ORCHARDS, LLC ("Family Orchards") by and through its attorneys Parker Harvey PLC, for its Complaint against Defendant PENINSULA TOWNSHIP, states as follows:

1. Family Orchards is a Delaware limited liability company.

2. Peninsula Township is a Michigan municipal corporation located in Grand Traverse County, Michigan with its offices located at 13235 Center Road, Traverse City, MI 49686.

1

3. At all times relevant to this action, Peninsula Township was acting under color of law.

4. This action arises under the United States Constitution and 42 U.S.C. § 1983.

5. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

6. The Court has supplemental jurisdiction of Family Orchards' state law claim under 28 U.S.C. § 1367 because it forms part of the same case or controversy as the Constitutional claim.

## Factual Background on Family Orchards

7. Family Orchards owns parcels identified by tax ID 11-115-036-03, 11-115-036-04, 11-115-036-05, 11-115-036-07, 11-115-038-55, and 11-115-041-00 (collectively, the "Family Orchards Property") in Peninsula Township.

8. The Family Orchards Property is zoned as Agricultural under the Peninsula Township Zoning Ordinance ("PTZO").

9. Collectively, the Family Orchards Property comprises 85.57 acres.

10. The Family Orchards Property is contiguous.

11. Family Orchards acquired the Family Orchards Property so it could operate a Winery Chateau under § 8.7.3(10) of the PTZO.

12. A Winery Chateau is a special use under the PTZO in the Agricultural district and requires the Township Board to issue a special use permit.

13. The Family Orchards Property meets all the lawful requirements to become a Winery Chateau under § 8.7.3(10).

14. Family Orchards has taken substantial steps towards operating a Winery Chateau on the Family Orchards property, including:

 (a) Engaging and paying a land use engineering and consulting firm to draft and finalize special use permit application which was submitted to Peninsula Township;

 (b) Engaging and paying a soil and farming consultant who conducted comprehensive soil and analysis;

 (c) Engaging and paying a business consultant who conducted feasibility and land use planning analyses;

 (d) Undertaking and paying for a land survey;

 (e) Undertaking and paying for a site plan; and

 (f) Undertaking and paying for a soil testing.

### Special Use Permit Procedures in Peninsula Township

15. An application for a special use permit "shall be submitted through the Zoning Administrator on a special form for that purpose. PTZO, § 8.1.2(1).

16. The application "shall be accompanied by

(a) The special form supplied by the Township Zoning Administrator filled out in full by the applicant, including a statement of supporting evidence showing compliance with the requirements of Section 8.1.3.

(b) Site plan, plot plan, development plan, drawn to scale (preferable 1"=50'), of total property involved showing the location of all abutting streets, the location of all existing and proposed structures and their uses, and the location and extent of all above ground development, both existing and proposed.

(c) Preliminary plans and specifications of the proposed development.

PTZO, § 8.1.2(2).

17. Once received by the Zoning Administrator, the application and data "**shall be transmitted** to the Township Board for consideration after referral to a study by the Planning Commission." PTZO, § 8.1.2(3)(a) (emphasis added).

18. "The Town Board **shall review** each application for the purpose of determining that each proposed use meets the following standards, and in addition, **shall find adequate evidence** that each use on the proposed location will:

    (a) Be designed, constructed, operated and maintained so as to be harmonious and appropriate in appearance with the existing or intended character of the general vicinity and that such a use will not change the essential character of the area in which it is proposed.

    (b) Not be hazardous or disturbing to existing or future uses in the same general vicinity and will be a substantial improvement to property in the immediate vicinity and to the community as a whole.

    (c) Be served adequately by essential facilities and services, such as highways, streets, police, fire protection, drainage structures, refuse disposal, water and sewage facilities, or schools.

    (d) Not create excessive additional requirements at public cost for public facilities and services.

    (e) Not involve uses, activities, processes, materials, and equipment or conditions of operation that will be detrimental to any persons, property, or the general welfare by fumes, glare or odors.

PTZO, § 8.1.3(1) (emphasis added).

19. "In reviewing an impact assessment and site plan, the Town Board and the Planning Commission **shall consider**," among other things, "[t]hat the applicant may legally apply for site plan review." PTZO, § 8.1.3(3)(a) (emphasis added).

### Township Wineries Sued Peninsula Township

20. Nearly two years ago, the eleven existing wineries in Peninsula Township sued Peninsula Township, alleging that its existing zoning ordinance violated the United States Constitution, was preempted by the Michigan Liquor Control Code, and violated the Michigan Zoning Enabling Act. *See Wineries of Old Mission Peninsula, et al., v. Peninsula Township*, Case No. 1:20-cv-1008-PLM-RSK, currently pending before the Honorable Paul L. Maloney.

21. Peninsula Township has defended Case No. 1:20-cv-1008-PLM-RSK and maintains that its existing zoning ordinance is constitutional and complies with Michigan law.

### The Township Board Issues the First Moratorium

22. Due to the ongoing litigation in Case No. 1:20-cv-1008-PLM-RSK, the Township Board began a concerted effort to retaliate against existing and planned wineries in Peninsula Township.

23. On January 3, 2022, the Peninsula Township Board held a special meeting at which it passed a Resolution No. 01-03-2022 #1, which was styled as a "resolution for moratorium on special use permits and amended special use permits in the agricultural district." (**Exhibit A: Agenda for January 3, 2022 Minutes**.)

24. Resolution No. 01-03-2022 #1 stated that "[a] moratorium is imposed upon the consideration of any special use permits and amendments to special use permits in the agricultural district for a period of 180 days or until an amendment to agricultural district of the zoning ordinance is adopted, whichever occurs first." (**Exhibit B: Resolution No. 01-03-2022 #1, § 2**.)

25. Resolution No. 01-03-2022 #1 barred existing Winery Chateaus and Remote Winery Tasting Rooms in Peninsula Township from amending their SUPs.

26. Resolution No. 01-03-2022 #1 also barred the creation of new Winery Chateaus or Remote Winery Tasting Rooms.

27. Existing and prospective wineries were the only entities affected by Resolution No. 01-03-2022 #1.

28. Notice of Resolution No. 01-03-2022 #1 was not published in the Traverse City Record Eagle or any other newspaper before the Township Board considered it, and therefore did

not meet all requirements to have the force and effect of law under the Michigan Zoning Enabling Act.

29. Resolution No. 01-03-2022 #1 was not passed as an ordinance and therefore lacked the force to suspend existing portions of the Peninsula Township Zoning Ordinance.

30. The Michigan Court of Appeals has explained: "An ordinance … cannot be amended, repealed, or suspended by another act by a council of less dignity than the ordinance … itself." *McCarthy v. Vill. of Marcellus*, 189 N.W.2d 80, 85 (Mich. Ct. App. 1971).

31. Despite failing to provide notice of Resolution No. 01-03-2022 #1 prior to its discussion at the Township Board's special meeting on January 3, 2022 and despite the resolution lacking the force to suspend the Peninsula Township Zoning Ordinance, Peninsula Township treated Resolution No. 01-03-2022 #1 as effective.

### Family Orchards Submits an Application for a Winery Chateau

32. On April 12, 2022, Family Orchards submitted an application for a special use permit to the Peninsula Township Director of Zoning, Christina Deeren, and the Peninsula Township Planner, Jennifer Cram.

33. Deeren and Cram refused to accept Family Orchards' application because of the moratorium purportedly imposed by Resolution No. 01-03-2022 #1.

34. Family Orchards' application was not "transmitted to the Township Board for consideration after referral to a study by the Planning Commission," as required by PTZO, § 8.1.2(3)(a).

35. The Town Board did not review Family Orchards' application and did not "find adequate evidence" as required by PTZO, § 8.1.3(1).

36. Family Orchards never received a hearing or decision on its application submitted on April 12, 2022.

## The Township Board Issues the Second Moratorium

37. On June 3, 2022, District Court Judge Maloney issued an Opinion Regarding Summary Judgment Motions in Case No. 1:20-cv-1008-PLM-RSK.

38. In the opinion, District Court Judge Maloney declared multiple sections of the PTZO relating to Winery Chateaus to be unconstitutional or contrary to law.

39. In response to District Court Judge Maloney's opinion, on June 14, 2022, the Township Board passed Ordinance 2022-06-14, which states "This Ordinance 2022-06-14 is hereby enacted to protect the public peace, health, safety, and welfare of the residents of Peninsula Township by establishing a moratorium on the consideration, approval, location, erection, construction, installation, or commencement of any new or expanded farm processing facility under Sec. 6.7.2(19) or any new or expanded use permitted by special use permit in the A-1 Agricultural District under Sec. 6.7.3 of the Peninsula Township Zoning Ordinance through January 1, 2023, and during the time necessary for Peninsula Township to review and amend the zoning regulations within the A-1 Agricultural District." (**Exhibit C: Ordinance 2022-06-14**.)

40. Before passing a zoning ordinance or zoning ordinance amendment under the MZEA, a local unit of government like Peninsula Township "shall publish notice of the hearing in a newspaper of general circulation in the local unit of government not less than 15 days before the date of the hearing." *See* Mich. Comp. Laws §§ 125.3103(1) and 125.3401.

41. Peninsula Township did not publish notice of the public hearing on Ordinance 2022-06-14 in the Traverse City Record Eagle before the June 14, 2022 meeting.

7

42. At the June 14, 2022, meeting, Peninsula Township residents voiced opposition to this underhanded attempt by the Township Board to pass something without public notice. One resident stated: "First of all, the moratorium ordinance was not published to my knowledge in the *Record Eagle* giving everybody two weeks' notice. Best I can find out, at midnight the other night, we got notice that this moratorium was going to be discussed tonight." (**Exhibit D: June 14, 2022 Meeting Minutes, at 7**.) He continued: "You sort of breezed over the fact that you didn't give public notice of the SUP moratorium. I would hope that you would check with your attorneys and see if you were required to give that public notice because as far as I could find in the *Record Eagle*, I didn't see a public notice of it. If that is the case, then basically passing this ordinance was not up to the zoning enabling act, so I'll just leave it at that." (*Id.* **at 17**.)

43. Despite this procedural failure under the MZEA, the Township Board unanimously passed Ordinance 2022-06-14.

44. In enacting Ordinance 2022-06-14, Peninsula Township made clear that it was intended to target only wineries, and not other types of farms. Township Planner Jennifer Cram stated: "I want to respond to earlier comments to be very clear about the extension of the existing moratorium for special use permits and amendments to special permits in the A1 agricultural district. In regards to adding or expanding the moratorium to include use by right, that is only for farm processing facilities; it is specific to section 6.7.2 #19, so all other farming operations are still available. If a farmer wanted to construct a barn, you will still be able to do this. We are pausing the farm processing facility for six months. We are really striving to create parity in the zoning ordinance, and the existing zoning ordinance as a use by right for a farm processing facility is very specific to wineries. We need to change that so that it is an opportunity for all agricultural operations. Peninsula Township supports farming; I want to make that very clear." (*Id.* **at 17**.)

45. Peninsula Township published Ordinance 2022-06-14 in the Traverse City Record Eagle on June 16, 2022.

46. On June 21, 2022, a notice of intent to file a referendum petition against Ordinance 2022-06-14 under Mich. Comp. Laws § 125.3402 was filed with the Clerk of Peninsula Township.

47. The Township Board acknowledged that it received the notice of intent. (**Exhibit E: July 12, 2022 Meeting Minutes, at 14**.)

48. Under the Michigan Zoning Enabling Act, the notice of intent to file a referendum petition against Ordinance 2022-06-14 meant that Ordinance 2022-06-14 "shall not take effect until 1 of the following occurs:

> (a) The expiration of 30 days after publication of the ordinance, if a petition is not filed within that time.
>
> (b) If a petition is filed within 30 days after publication of the ordinance, the clerk of the legislative body determines that the petition is inadequate.
>
> (c) If a petition is filed within 30 days after publication of the ordinance, the clerk of the legislative body determines that the petition is adequate and the ordinance or part of the ordinance is approved by a majority of the registered electors residing in the zoning jurisdiction voting on the petition at the next regular election or at any special election called for that purpose. The legislative body shall provide the manner of submitting the zoning ordinance or part of the zoning ordinance to the electors for their approval or rejection and determining the result of the election."

Mich. Comp. Laws § 125.3402(3).

49. A petition was not filed within 30 days after publication of Ordinance 2022-06-14.

50. Therefore, according to Mich. Comp. Laws § 125.3402(3)(a), Ordinance 2022-06-14 was not in effect until July 18, 2022.

**Peninsula Township Tries to Pass a More Restrictive Winery Ordinance**

51. During a July 26, 2022 special joint study session between the Township Board and Township Planning Commission, significant revisions to the PTZO were discussed.

52. These revisions primarily dealt with the sections relating to the three existing classes of wineries in Peninsula Township. A copy of the proposed revisions is available on Peninsula Township's website:

https://www.peninsulatownship.com/uploads/1/0/4/3/10438394/07-26-22_proposed_zoning_ordinance_amendments_for_farm_processing_facilities.pdf

53. The proposed revisions would entirely remove the Winery-Chateau classification and replace it with variations of farm processing facilities, which possess fewer rights.

54. For example, parcel size and setback distances are significantly increased under the proposed revisions, while retail space would be significantly reduced.

55. Additionally, these revisions would limit or prohibit outdoor seating, reduce allowable hours of operation, restrict food sales, require all processing of produce to occur indoors, and prohibit events for profit, which are all currently allowed under § 8.7.3(10) of the PTZO.

56. Peninsula Township also proposed to reinstate sections of the existing PTZO, like limitations on sources of produce, that District Court Judge Maloney declared unconstitutional in his June 3, 2022 opinion.

57. Peninsula Township was scheduled to hold an additional public hearing and vote to adopt the revisions at its August 9, 2022 meeting.

58. After the Wineries of Old Mission Peninsula Association and District Court Judge Maloney independently questioned whether it was prudent or lawful to pass restrictions that have already been ruled unconstitutional, Peninsula Township's attorney represented to District Court

Judge Maloney at a hearing on August 8, 2022 that the amendments would not pass on August 9, 2022.

**Family Orchards Applies Again**

59. In early July 2022, during the 30-day period where Ordinance 2022-06-14 was not in effect, Family Orchards re-submitted its application for a special use permit.

60. On July 7, 2022, Planner Cram again rejected the application on the grounds that "the moratorium for SUP's in the A-1 Agricultural zone district was extended another 180 days."

61. On July 12, 2022, a representative from Family Orchards, Walter Knysz, emailed Planner Cram "requesting that you reconsider your decision and, if you feel it necessary, I am requesting a hearing for a waiver to be granted for my wrongfully rejected SUP application as soon as possible. I am not prepared to sit on my land indefinitely while the Township continues to fumble around this issue, as this is tantamount to a taking of my property rights."

62. On July 14, 2022, Planner Cram responded, stating "If you wish to request a waiver of the moratorium, you may submit a letter addressed to the Township Board with supporting documentation as provided for in Sec 6 of the moratorium ordinance. Your request will then be placed on an agenda for an upcoming regular meeting for discussion with the Township Board."

63. On July 22, 2022, Knysz submitted a request on behalf of Family Orchards for waiver of the moratorium. (**Exhibit F: July 22, 2022 Request for Waiver**.)

64. On July 28, 2022, Planner Cram responded, stating "I have updated our Clerk that a request for a waiver from the Moratorium has come in and we will include this on the August 9th Township Board agenda."

65. Despite this assurance, on August 3, 2022, Planner Cram sent a letter to the Township Board recommending that Family Orchards' waiver request be removed from the

August 9, 2022 agenda and rescheduled to the September 13, 2022 agenda. (**Exhibit G: August 3, 2022 Memorandum**.)

66. Planner Cram did not notify Knysz about the removal from the August 9, 2022 agenda and Clerk Chown refused to include Family Orchards' waiver request in the packet for the August 9, 2022 meeting.

67. Instead, Knysz had to email Planner Cram on August 8, 2022 to get clarification: "I was shocked to discover that you recommended to the Township Board to postpone the public hearing for my request for waiver from the SUP moratorium, as indicated in your memo to the Board and recently revealed in the Board's Agenda packet online today. This is after you had assured me on July 14 and last week that my public hearing request will be acted on at the Board's August 9 meeting! I am also shocked that you did not include my request in the packet, but only your unilateral memo stating it should be tabled. Please include the attached two letters in the Board's packet of materials and I expect to have a public hearing tomorrow."

68. Cram responded on August 8, 2022: "Mr. Knysz, I did not receive your letter and request for a waiver until July 28th. As noted in my response on July 28th, I updated the Clerk and we added an item to the agenda for August 9th. I did not note that this would be a public hearing. I apologize that I did not make this clear. I should have followed up with you sooner."

69. Knysz, understandably upset by this inconsistent messaging and bad faith by the Township, informed Planner Cram, Clerk Chown, Supervisor Isaiah Wunsch, Treasurer Marge Achorn, and Peninsula Township's attorney, William Fahey, that "Your latest attempt to try to deny me my due process rights is again legally flawed. The Township moratorium ordinance does not call for a 'public' hearing or for any 15 day notice or publication requirement. Rather, it states that I, as the petitioner, have a right to a hearing in front of the public and the Township Board.

12

You surely know that this is not a 'public hearing' that needs to be noticed.  The Township's ordinances which require 'public hearings' clearly state that they are to be 'public hearings' and provide for notice.  Please correct your position to avoid legal consequences."

70. The Township Board refused to consider the waiver request at the August 9, 2022 meeting, allowing Knysz to speak only during the public comment portion of the meeting.

71. The Township Board unanimously voted to schedule the waiver request for a public hearing on September 13, 2022.  (**Exhibit H: August 9, 2022 Meeting Minutes at 6–8**.)

72. Before the public hearing on September 13, 2022, Planner Cram submitted another memorandum to the Township Board in which she changed positions again: "Township staff and legal counsel recommend that the Board conduct the public hearing on September 13, 2022, to receive any additional comments, arguments, or evidence that applicant wishes to present, as well as comments, arguments and evidence from other members of the public on the request.  Also, since this is the second request for a waiver of the moratorium the Board has received, we recommend that the Board defer action on the waiver request until the October 11, 2022 regular Township Board meeting.  This will allow the Board to give its fullest consideration to the presentations by the applicant and the public on the waiver request and for staff to make a recommendation on the request after the complete presentations by applicant and the public have been received.  As such, the Board should make a motion to Table the item to October 11, 2022."  (**Exhibit I**: September 8, 2022 Cram Memorandum.)

73. Planner Cram's letter was simply a pretext to delay a full hearing and decision on Family Orchards' application and force Family Orchards into the re-written and more restrictive winery designations contemplated by the Township.

13

74. Family Orchards presented arguments that the two moratoria that the Township Board had passed were not legally valid. No Trustees defended the legality of the moratoria.

75. Speaking at the September 13, 2022, Township Board meeting, the Township's attorney agreed with Planner Cram and recommended that the Township Board table the motion until the October 11, 2022 meeting when the existing ordinance would be replaced with a newer, more restrictive ordinance.

76. The Township's action callously disregarded the harm Family Orchards would suffer under the proposed new ordinance, even though the version of the proposed new ordinance to be considered at the October 11, 2022, meeting had not been made available to the public.

77. The Township's attorney also impliclity acknowledged the legal issues with Ordinance 2022-06-14, saying "that might be one reason for delaying the decision on the waiver, is to adopt an ordinance that would clear up any uncertainty that anyone might have about whether your moratorium is legal or not."

78. In other words, the Township Board arbitrarily refused to consider Family Orchards' multiple applications for a special use permit through a combination of illegal moratoria, constant delay, and changing requirements.

79. The Township has since issued public notice that it intends to pass a third moratorium to extend to January 1, 2023, which would essentially replace the legally-defective Ordinance 2022-06-14.

80. Peninsula Township has scheduled an additional public hearing on October 11, 2022 to consider the ordinance revisions again.

81. On September 25, 2022, Peninsula Township published the proposed ordinance revisions in the Traverse City Record Eagle.

82. These proposed revisions would eliminate the Winery Chateau designation altogether and strip vested rights from existing Winery Chateaus in an attempt to force existing Winery-Chateaus into a more restrictive classifications under the new ordinance. Peninsula Township's refusal to accept applications under the existing ordinance is part of this concerted effort to target and harm current and proposed wineries in Peninsula Township.

### COUNT I – VIOLATION OF THE MICHIGAN ZONING ENABLING ACT

83. Plaintiffs incorporate the preceding paragraphs as though fully restated herein.

84. Resolution No. 01-03-2022 #1 and Ordinance 2022-06-14, which impose a moratorium on the issuance or amendment to special use permit zoning applications for wineries in the A-1 Agricultural District, constitutes a suspension or amendment of the Peninsula Township Zoning Ordinance.

85. The Zoning Enabling Act states: "Amendments or supplements to the zoning ordinance shall be adopted in the same manner as provided under this act for the adoption of the original ordinance."  Mich. Comp. Laws § 125.3202(1).

86. Notice of Resolution No. 01-03-2022 #1 was not published in the Traverse City Record Eagle or other newspaper before the Township Board considered it, and therefore did not meet all requirements to have the force and effect of law under the Michigan Zoning Enabling Act.

87. Peninsula Township did not publish notice of the public hearing on Ordinance 2022-06-14 in the *Record Eagle* not less than 15 days before the June 14, 2022 hearing, as required by Mich. Comp. Laws §§ 125.3103(1) and 125.3401.

88. Accordingly, Resolution No. 01-03-2022 #1 and Ordinance 2022-06-14 are unlawful, and should be declared void.

WHEREFORE, Family Orchards requests that the Court enter an order (1) declaring Resolution No. 01-03-2022 #1 and Ordinance 2022-06-14 unlawful and void; (2) compelling Peninsula Township to accept Family Orchards' application for a special use permit under the existing § 8.7.3(10) of the PTZO, hold a public hearing on the application, and issue a final decision on the application under the existing standards set forth in § 8.7.3(10); (3) awarding Family Orchards its attorney's fees and costs under 42 U.S.C. § 1988; and (4) awarding Family Orchards any other relief the Court deems necessary and appropriate.

## COUNT II – PROCEDURAL DUE PROCESS

89. Plaintiffs incorporate the preceding paragraphs as though fully restated herein.

90. The Fourteenth Amendment to the United States Constitution states, in relevant part, that "nor shall any State deprive any person of life, liberty, or property, without due process of law."

91. As a subdivision of the State of Michigan, Peninsula Township must provide due process of law to persons within its jurisdiction.

92. Family Orchards owns the Family Orchards Property located in Peninsula Township.

93. Family Orchards has a right to petition Peninsula Township for a special use permit to develop the Family Orchards Property under § 8.7.3(10) of the PTZO.

94. Peninsula Township deprived Family Orchards of the right to petition for a special use permit when it refused, on multiple occasions, to accept Family Orchards' application.

95. Peninsula Township's refusal to accept or consider Family Orchards' application was done in contravention of multiple provisions of the PTZO that require consideration of the application, including § 8.1.2(3)(a) ("the application and data "**shall be transmitted** to the

16

Township Board for consideration after referral to a study by the Planning Commission"); § 8.1.3(1) ("The Town Board **shall review** each application" and "**shall find adequate evidence**"); § 8.1.3(3)(a) ("In reviewing an impact assessment and site plan, the Town Board and the Planning Commission **shall consider**," among other things, "[t]hat the applicant may legally apply for site plan review.").

96. Peninsula Township deprived Family Orchards of the right to a hearing on its application for a special use permit when it refused, on multiple occasions, to accept Family Orchards' application and arbitrarily hid behind two unlawful moratoria to avoid discussing the application on the merits as required by the PTZO.

97. Peninsula Township deprived Family Orchards of its procedural due process rights when it refused to make a decision on Family Orchards' application for at least six months and instead tabled the decision until a lawfully-enacted moratorium could be imposed to again deprive Family Orchards of any certainty with respect to its application.

98. Peninsula Township's refusal to consider Family Orchards' application was arbitrary, capricious, and unreasonable.

99. Peninsula Township's refusal to consider Family Orchards' application was done in bad faith.

100. Peninsula Township's actions have deprived Family Orchards of the right to either develop its property or to appeal the denial of its application to the Zoning Board of Appeals.

101. Peninsula Township's actions are further designed to harm Family Orchards by forcing it to apply under the proposed amendments to the PTZO that will contain fewer rights than currently allowed under § 8.7.3(10).

WHEREFORE, Family Orchards requests that the Court enter an order (1) compelling Peninsula Township to accept Family Orchards' application for a special use permit under the existing § 8.7.3(10) of the PTZO, hold a public hearing on the application, and issue a final decision on the application under the existing standards set forth in § 8.7.3(10); (2) awarding Family Orchards its attorney's fees and costs under 42 U.S.C. § 1988; and (3) awarding Family Orchards any other relief the Court deems necessary and appropriate.

Dated: October 11, 2022

/s/ *Andrew J. Blodgett*
Andrew J. Blodgett (P68259)
PARKER HARVEY PLC
Attorneys for Plaintiff
901 S. Garfield Avenue, Suite 200
Traverse City, MI 49686
231-929-4878
ablodgett@parkerharvey.com