**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FAMILY ORCHARDS, LLC, a Delaware limited liability company,

      Plaintiff,

v

PENINSULA TOWNSHIP, a Michigan municipal corporation,

      Defendant.

CASE NO. 1:22-cv-000943

HON. PAUL L. MALONEY
MAG. JUDGE RAY S. KENT

---

Andrew J. Blodgett (P68259)
*Parker Harvey PLC*
Attorneys for Plaintiff
901 S. Garfield Ave., Ste. 200
Traverse City, MI 49686
(231) 929-4878
ablodgett@parkerharvey.com

William K. Fahey (P27745)
David J. Szymanski (P86525)
Christopher S. Patterson (P74350)
*Fahey Schultz Burzych Rhodes PLC*
Attorneys for Defendant
4151 Okemos Road
Okemos, MI 48864
(517) 381-0100
wfahey@fsbrlaw.com

Lindsay N. Dangl (P73231)
*Murphy & Spagnuolo, P.C.*
Co-Counsel for Defendant
2123 University Park Drive, Ste. 130
Okemos, MI 48864
517-351-2020
ldangl@mbspclaw.com

---

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**
**PER FRCP 12(b)(1) AND 12(b)(6)**

**\*ORAL ARGUMENT REQUESTED\***

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................... ii

TABLE OF AUTHORITIES ....................................................................................... iii; iv

EXHIBITS ........................................................................................................................ v

REPLY ARGUMENT ....................................................................................................... 1

    A. Introduction ........................................................................................................... 1
    B. Plaintiff's Attempt to Relitigate the Moratoria is Improper ................................. 1
    C. Plaintiff's Claims are Moot Because Nothing in Plaintiff's Response Provides a Basis for this Court to Avoid Application of Amendment 201 ............................................................. 1
    D. No Exception Applies .......................................................................................... 2
            i. Plaintiff Cannot Plead that Amendment 201 Destroyed Its Vested Property Interest ............................................................................................ 2
           ii. Plaintiff has not and Cannot Plead that Amendment 201 was Enacted in Bad Faith *and* With Unjustified Delay ........................................................ 5
    E. Plaintiff Has Not Stated a Valid Due Process Claim ........................................... 8
    F. Plaintiff Has Not Stated a Valid Equal Protection Claim .................................... 9
    G. Plaintiff Has Not Stated a Valid Claim that Peninsula Township Violated the MZEA .... 11
    H. Plaintiff Has No Standing to Raise Dormant Commerce Clause, Right to Farm, and First Amendment Challenges to Amendment 201 ................................................... 13

CONCLUSION ............................................................................................................... 14

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Ashcroft v Iqbal*, 556 US 662 (2009) ...............................................................................11

*Bell Atl. Corp. v. Twombly*, 550 US 544, 127 S Ct 1955, 1964-65 (2007) ....................11

*Bronco's Ent., Ltd Charter Twp of Van Buren*, 29 F. App'x 310 (6th Cir 2002) ......6,8,13

*City of Lansing v Dawley*, 247 Mich 394, 396; 225 NW 500 (1929) ..............................2

*Cline v Myers,* 495 F App'x 578 (6th Cir 2012) ................................................................6

*Exclusive Brands LLC v City of Garden City*, No 19-cv-11062, 2020 WL 5367331 (ED Mich, Sept. 8, 2020) ..................................................................................................................3

*Gackler Land Co. v Yankee Springs Twp.*, 427 Mich 562; 398 NW2d 393 (1986) .................4,5,8

*Grand/Sakwa of Northfield, LLC v Twp. of Northfield*, 304 Mich App 137, 144; 851 NW2d 574; 579 (2014) .......................................................................................................................6

*Heller v Doe*, 509 US 312; 113 S Ct 2637 (1993) ............................................................9

*Klyman v City of Troy*, 40 Mich App 273, 277; 198 NW2d 822, 824 (1972) ..............1,7

*Landon Holdings, Inc. v Grattan Twp.*, 257 Mich App 154, 161; 667 NW2d 93, 98 (2003) .....2,6

*Lockwood v City of Southfield*, 93 Mich App 206; 286 NW2d 87 (1979) ....................2,6

*Lyda v City of Detroit*, 841 F3d 684 (2016) .....................................................................9

*Mich Disposal v Augusta Twp.,* 89 Mich App 557, 280 NW2d 596 (1979) ..................11

*Moran v Cooper Charter Twp.* case, an unpublished opinion of the Court of Appeals of Michigan, issued January 23, 2020 (Case No. 345419; 345426) .................................................7

*Moskovic v City of New Buffalo*, 638 FSupp3d 770, 787 (2022) ............................4,6,11

*Pai'Ohana v United States*, F.Supp 680 (D. Haw. 1995) ................................................3

*Paulina Lake Historic Cabin Owners Assoc. v USDA Forest Service*, 577 F.Supp. 1188 (D. Or. 1983) ..................................................................................................................................3

*Sandstone Creek Solar, LLC v Twp of Benton*, 335 Mich App 683; 967 NW2d 890 (2021) .......13

*Seguin v City of Sterling Heights*, 968 F2d 584, 591 (6th Cir 1992) ...............................3

*Tahoe-Sierra Pres Council, Inc v Tahoe Coastal Council*, 505 US 1003 (2002) ........................6,7

*Tuscola Wind III, LLC v. Ellington Township* unpublished opinion of the United States District Court, Eastern District of Michigan, issued July 27, 2018 (Case No. 17-cv-11025*)* ......................3

*United States v Fuller*,  409 US 488, 93 S Ct 801 (1973) ................................................................3


**<u>Rules</u>**

FED R. CIV. P. 12(b)(6)..................................................................................................................11

W.D. Mich. LCR 7.2(c) .................................................................................................................14


**<u>Statutes</u>**

MCL 125.3103(4) ..........................................................................................................................11

MCL 125.306(3) ............................................................................................................................11

MCL 125.3308(1) ..........................................................................................................................12

## DEFENSE EXHIBIT LIST

**Defense Supplemental Exhibit H**   *Moran v Cooper Charter Twp.* case, an unpublished opinion of the Court of Appeals of Michigan, issued January 23, 2020 (Case No. 345419; 345426)

# REPLY ARGUMENT

### A. Introduction

Due to the limits on reply briefs, Defendant will focus on the most critical issues: jurisdiction and standing. These alone preclude Plaintiff from advancing its other arguments.

### B. Plaintiff's Attempt to Relitigate the Moratoria is Improper

Plaintiff's Response states that, "Contrary to the Township's assertions, the question of whether the first and second moratoria were lawful is still relevant." ECF No. 27, Page ID 3655. This is untrue. Plaintiff did not timely challenge the allegedly illegal moratoria; Plaintiff admitted that all allegations regarding the moratoria were moot (ECF No. 15, PageID 1645); and this Court found that, "Plaintiff will voluntarily drop the moratoria related claims." ECF No. 21, PageID 2425. This issue has already been resolved and Plaintiff's attempt to relitigate is improper.

### C. Plaintiff's Claims are Moot Because Nothing in Plaintiff's Response Provides a Basis for this Court to Avoid Application of Amendment 201

"A case becomes moot 'only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" ECF No. 27, Page ID 3660. Here, it is impossible for this Court to grant the relief Plaintiff seeks in Counts I and II as the use Plaintiff seeks no longer exists.

"The general rule is that the law to be applied is that which was in effect at the time of decision. Thus, if a zoning ordinance has been amended to forbid a given use a court will give effect to the amendment even when the land owner had previously had an absolute right to put his land to the now forbidden use." *Klyman v City of Troy*, 40 Mich App 273, 277; 198 NW2d 822, 824 (1972).

Amendment 201 was validly enacted for the reasons outlined in Defendant's Brief. ECF No. 23, PageID 3321-3362. Regardless, Plaintiff's circular reasoning is flawed. Plaintiff asserts that alleging Amendment 201's validity in Count III alone should suffice to avoid dismissal as

moot and allow this Court to grant relief (ECF No 27, PageID 3661) – even when the allegation is untrue based upon the documents submitted by Plaintiff. This is illogical.  For the reasons already stated to this Court by Defendant (ECF No. 23, PageID 3317-3362), Count III fails as a matter of law.

As Amendment 201 was validly enacted, unless an exception applies, this Court must apply Amendment 201 as it will be the law at the time of this Court's decision. Under Amendment 201, the special use Plaintiff seeks does not exist. Given that Winery Chateau was removed as a use from the Township's Zoning Ordinance, this Court cannot grant the relief Plaintiff seeks, Plaintiff's claims are moot and this Court lacks subject matter jurisdiction. Defendant's Motion to Dismiss must be granted for the reasons set forth in Defendant's brief in support of its Motion. ECF No. 23, PageID 3321-3362.

### D. No Exception Applies

There are only two exceptions: "(1) 'A court will not apply an amendment to a zoning ordinance where…the amendment would destroy a vested property interest acquired before its enactment…; and (2) a court will not apply the amendment where 'the amendment was enacted in bad faith and with unjustified delay.'" *Landon Holdings, Inc. v Grattan Twp.*, 257 Mich App 154, 161; 667 NW2d 93, 98 (2003) *citing Lockwood v City of Southfield*, 93 Mich App 206; 286 NW2d 87 (1979) and *City of Lansing v Dawley*, 247 Mich 394, 396; 225 NW 500 (1929).

### i. Plaintiff Cannot Plead that Amendment 201 Destroyed Its Vested Property Interest

Plaintiff's Response selectively quotes mentions of the word "shall" from the Township Zoning Ordinance out of context to misleadingly argue that granting a special use permit was mandatory, not discretionary. ECF No. 27, PageID 3662. This is false. ECF No. 23, PageID 3337-3340. For example, Plaintiff's Response stresses that the decision to grant the special use permit

2

was "not discretionary" because "The ordinance states that applications, 'shall be transmitted' to the Township Board…" ignoring the remainder of that provision that states the application shall be transmitted to the Township board "*for consideration*." ECF No. 22, PageID 2429, ¶20 (*emphasis added*). The Township was not mandated to grant a special use permit. Plaintiff's allegations to the contrary are unsupported conjecture and are insufficient to overcome Defendant's Motion to Dismiss.

Plaintiff's Response claims that the cases cited by Defendant are "unhelpful" and "distinguishable." ECF No. 27, PageID 3662. Plaintiff claims the case of *United States v Fuller*, 409 US 488, 93 S Ct 801 (1973) is inapplicable because the case referenced another act. However, Defendant never represented that this case was factually identical. Instead, this case was cited to demonstrate that, while Plaintiff asserts a property right in the ability to file a special use permit application, it is well settled law that even special use permits themselves "create no property rights" and as such Plaintiff's claim that Amendment 201 destroyed a vested property right fails to state a claim under the law. *Id.*  Similarly, *Paulina Lake Historic Cabin Owners Assoc. v USDA Forest Service*, 577 F.Supp. 1188 (D. Or. 1983) states, "The law is settled that special use permits create no vested property rights" (*Id.* at 1193), *Pai'Ohana v United States*, F.Supp 680 (D. Haw. 1995) cited to the *Paulina Lake* case reiterating, "The law is settled that special use permits create no vested property rights" (*Id.* at 699), and *Tuscola Wind III, LLC v. Ellington Township*, **Defense Exhibit C**, agreed, "Where the building permit has been applied for but has not been issued, 'vested rights' are not acquired even though substantial sums have been expended by the applicant." *Id.*  at *18 *citing Seguin v City of Sterling Heights*, 968 F2d 584, 591 (6th Cir 1992). The same is true in the *Exclusive Brands* case, where the plaintiff did not have any "protected property interest" where the plaintiff filed for a special use permit. *Exclusive Brands LLC v City of Garden City*, No 19-cv-

3

11062, 2020 WL 5367331 (ED Mich, Sept. 8, 2020). The *Moskovic* case also reiterated that the plaintiff did not have a protected property interest when it applied for a permit. **Defense Exhibit D**. The *Moskovic* plaintiff's failure to challenge the moratorium's validity (ECF No. 27, PageID 3663) does not impact the existence of a vested property right. These cases are relevant authority demonstrating that not only does an application for a special use permit not create a vested property right, but even if a permit were issued, no protected property right would exist. Since there is no basis for Plaintiff to have vested a property right, Amendment 201 could not have destroyed any vested property right – no matter what action Plaintiff undertook without a permit. Plaintiff's claims fail as a matter of law.

Plaintiff argues that a vested property interest requires only "…that it undertook 'work of a 'substantial character' done by way of preparation for an actual use of the premises.'" (ECF No. 27, PageID 3663). This is absurd; preparation work alone does not vest a property right without proper approval. Plaintiff never alleges any building permits that condoned the preparatory work allegedly completed. If Plaintiff's argument were accepted, it would mean that any property owner could start working toward any use, such as a factory in a residential zone, and by completing "substantial work" before detection, then claim a vested right immune to zoning laws. That is not behavior that the law would tolerate. Whether Plaintiff undertook any of the work claimed is irrelevant because such work alone, with no proper permits, cannot create a vested property right where the sought after use is not permitted by right under the Zoning Ordinance.

In the *Gackler* case, relied on by Plaintiff, the question was whether a mobile home, which was legally placed on a lot under the zoning ordinance in effect, could continue as a lawful nonconforming use after the township amended the ordinance. *Gackler Land Co. v Yankee Springs Twp.*, 427 Mich 562, 567; 398 NW2d 393 (1986). Plaintiff takes this case out of context and

4

applies the test for a prior nonconforming use to the situation here – where the use as a Winery Chateau was never a permitted use. Plaintiff's Response states, "To have a vested property interest, Family Orchards must show that it undertook 'work of a 'substantial character' done by way of preparation for an actual use of the premises.' *Gackler Land Co.…*" (ECF No. 27, PageID 3663). *Gackler* actually stated, "To establish *a nonconforming use*, 'there must be work of a 'substantial character' done by way of preparation for an actual use of the premises.'" *Id.* at 574 (*emphasis added*).  These are different legal principles.

Amendment 201 applies to bar as moot and outside the subject matter jurisdiction of this Court Counts I and II of Plaintiff's Second Amended Complaint. It doesn't matter what work Plaintiff did toward a use without a permit. The expectation of a special use permit cannot create a vested property interest.  Plaintiff had no vested right acquired prior to enactment of Amendment 201, and as such, this exception cannot apply.

> ii. **Plaintiff Has Not and Cannot Plead that Amendment 201 was Enacted in Bad Faith *and* With Unjustified Delay**

Plaintiff's Response claims that the Township's actions in enacting moratoria on consideration of special use permits and the subsequent amendment to the Township Zoning Ordinance was "in response to the ongoing *Wineries of Old Mission Peninsula* lawsuit."  ECF No. 27, Page ID 3653.  However, Plaintiff's allegations that the Township took action "in response to the ongoing Wineries of Old Mission Peninsula Lawsuit" are irrelevant to the inquiry before this Court. Before this Court is Plaintiff's claim that Amendment 201 cannot be applied against *this* Plaintiff because the Amendment was enacted with bad faith. While Defendant denies this allegation even if true, this allegation would be wholly irrelevant to the validity and application of Amendment 201 as challenged in *this* lawsuit with *this* Plaintiff.

Recognizing the deference to be given to a governing municipality, the inquiry as to bad faith is a narrow one. The relevant consideration for this Court is not whether Amendment 201 served in any way to strengthen the Township's litigation position in *any* case. Instead, "the test to determine bad faith is whether the amendment was enacted for the purpose of manufacturing a defense ***to plaintiff's suit***." *Lockwood, supra* at 212 (*emphasis added*). Michigan courts consistently have applied this test only considering the ligation with the named plaintiff. *See Landon Holdings, Inc. supra* at 257 Mich App 161; 667 NW2d 98; *Moskovic v City of New Buffalo*, 638 FSupp3d 770, 787 (2022); *Grand/Sakwa of Northfield, LLC v Twp. of Northfield*, 304 Mich App 137, 144; 851 NW2d 574; 579 (2014).

Further, Plaintiff failed to timely challenge any issue with the moratoria. The claims related thereto have been dismissed. The Township's reliance on moratoria that were not timely challenged cannot indicate bad faith or unjustified delay, especially understanding that these type of moratoria are generally lawful. *See Tahoe-Sierra Pres Council, Inc v Tahoe Coastal Council*, 505 US 1003 (2002); *Bronco's Ent., Ltd v Charter Twp of Van Buren*, 29 F. App'x 310 (6th Cir 2002).

Plaintiff has asserted to this Court that, "bad faith 'is a fact question for the jury'" citing to *Cline v Myers*, 495 F App'x 578 (6th Cir 2012). Again, Plaintiff cites to inapplicable legal authority. The *Cline* case was about qualified immunity for a police officer. The issue was that, "Ohio state law, which grants government employees immunity from civil liability unless, *inter alia*, their 'acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner.' Ohio Rev. Code § 2744.03." *Id*. at 583. What the *Cline* court actually said was that, "The district court concluded that it was improper to grant the officers immunity under section 2744, because whether [the officers] acted with 'malicious purpose, in bad faith, or in a wanton or

6

reckless manner' is a fact question for the jury." *Id*. This had nothing to do with bad faith in amending a zoning ordinance and did not hold that as a matter of law each allegation of bad faith must be determined by a jury. Plaintiff was more correct in its citation to the *Moran v Cooper Charter Twp.* case, an unpublished opinion of the Court of Appeals of Michigan, issued January 23, 2020 (Case No. 345419; 345426) Opinion attached as **Defense Supplemental Exhibit H**. This dispute involved a commercially zoned property with a ceramics shop – a permitted use – that transformed to sell alcohol, which was objectionable by the township. *Id.* at *1-2. The township argued that the complaint was moot by the enactment of an amended zoning ordinance. *Id.* at *10. The *Moran* court actually said:

> As illustrated in this Court's caselaw, determining the applicability of an amended ordinance is a fact-intensive inquiry that involves weighing numerous factors and considerations:
>
> In *Klyman*…this Court identified several factors to be considered ***when exercising discretion*** to admit or deny evidence of an amended ordinance: (a) whether the plaintiff had an unquestionable right to issuance of a permit before the amendment, (b) whether the municipality had not forbidden the type of construction the plaintiff proposed before the amendment, (c) whether the ordinance was amended for the purpose of manufacturing a defense to the plaintiff's suit, and (d) whether the city waited until the last possible minute to assert the defense…." *Id.* (*emphasis added, internal citations omitted*).

The *Moran* court said nothing about bad faith being a fact question mandated for the jury. To the contrary, it said that the court has certain factors to consider when exercising *its* discretion. Bad faith can be and is often decided by the court.

Further, Plaintiff failed to timely challenge any issue with the moratoria. The claims related thereto have been dismissed. The Township's reliance on moratoria that were not timely challenged cannot indicate bad faith or unjustified delay, especially understanding that these type of moratoria are generally lawful. *See Tahoe-Sierra Pres Council, Inc v Tahoe Coastal Council*,

7

505 US 1003 (2002); *Bronco's Ent., Ltd v Charter Twp of Van Buren*, 29 F. App'x 310 (6th Cir 2002).

Plaintiff has not pled or provided in its Response that any action of the Township in enacting Amendment 201 was *predominantly* to better the Township's litigation position against *this* Plaintiff. Plaintiff has failed to state a claim that the narrow exception applies. Defendant's Motion to Dismiss must be granted.

### E. Plaintiff Has Not Stated a Valid Due Process Claim

Plaintiff concedes that to prevail on the procedural due process claim, "Family Orchards must…(1)…[have] a protected property interest and (2) Peninsula Township [must have] deprived Family Orchards of that interest without notice and a hearing." *Id.* Yet, the only support Plaintiff claims for its allegation of a protected property right is that again, "…Family Orchards has a vested interest in the Winery-Chateau classification because it took substantial steps to achieve that classification before the Township repealed the Winery-Chateau section" citing to *Gackler, supra*. ECF No. 27, PageID 3666. For the reasons stated above, Plaintiff could not have a had a vested and constitutionally protected property interest in a use which was not permitted by right. The *Gackler* case does not support this claim. Plaintiff's argument fails as a matter of law.

Further, the Second Amended Complaint alleges the novel protected property right, "to petition Peninsula Township for a special use permit…" ECF No. 22, PageID 2446, ¶123. This alleged property right has never been recognized by law. Plaintiff's Response states no law to the contrary. Accepting Plaintiff's argument would unreasonably extend constitutional property rights beyond the intended scope.

Plaintiff's request for relief further confirms that this is not a "damages claim" as argued. ECF No. 27, PageID 3665. Plaintiff's Response confirms the relief sought is that, "that this Court

8

order Peninsula Township to accept its application for a special use permit under the Winery Chateau version…" and order the Township to "hold a public hearing and issue a final decision." ECF No. 27, PageID 3665. Plaintiff wants this Court to require the Township to apply a prior version of the law which no longer exists. This confirms the decision Plaintiff seeks from the Township is discretionary under Michigan zoning law, as they have only asked the Court to instruct the Township to make a decision. If it were a mandatory action, Plaintiff would not be seeking a discretionary ruling.

### F. Plaintiff Has Not Stated a Valid Equal Protection Claim

Plaintiff has not stated a valid equal protection claim. To plead a valid equal protection claim,Pplaintiff must plead (1) that the government treated the plaintiff disparately as compared to similarly situated persons *and* (2) that such disparate treatment either (a) burdens a fundamental right, (b) targets a suspect class, or (c) has no rational basis. Plaintiff has failed to meet this standard. Plaintiff does not state what class Plaintiff was treated differently from, has not alleged a valid fundamental right which was burdened, has not established that Plaintiff is part of a suspect class, and has not demonstrated that the Township had no rational basis for its decision-making. "Under the rational basis standard, government action is afforded a strong presumption of validity, and we will uphold it as long as 'there is a rational relationship between the disparity of treatment and some legitimate government purpose.'" *Lyda v City of Detroit*, 841 F3d 684 (2016) *citing Heller v Doe*, 509 US 312; 113 S Ct 2637 (1993). Plaintiff's exhibits show that the Township had a valid justification for its actions relative to amending the zoning ordinance – to provide an equal opportunity for all agricultural operations. ECF No. 22-4, PageID 2499.

Plaintiff has yet to plead and cannot support that ***this Plaintiff*** was treated differently from another similarly situated. Instead, Plaintiff tries to resurrect its claim against the moratoria again

9

claiming that the moratoria affected all "existing and prospective wineries different than other special uses within Peninsula Township." *Id.* Plaintiff's arguments are insufficient under the law and moot.

Plaintiff again has chosen to misquote the facts. Plaintiff's Response argues that the Township Director of Planning and Zoning, "…admitted that the moratoria targeted wineries…" by saying "In regards to adding or expanding the moratorium to include use by right, this is only for farm processing facilities; it is specific to section 6.7.2 19[a winery use], so all other farming operations are still available…all other agricultural operators could undertake new construction during the moratoria except wineries." ECF No. 27, PageID 3668.  This is simply untrue. A moratoria applies to a land use, and thus in this context, like many Michigan municipalities, the Township is supported by law to limit further land use development of specific categories while they study and adopt new regulations. Moreover, Ms. Cram's statements were genuine in explaining that current winery chateaus were provided with regulations that were not available to other farmers on the peninsula and the Township wanted to remedy that disparity with the amendment, the portion of the minutes Plaintiff misquotes actually shows Ms. Cram said:

> In regards to adding or expanding the moratorium to include use by right, that is only for farm processing facilities; it is specific to section 6.7.2 #19, so all other farming operations are still available. If a farmer wanted to construct a barn, you will still be able to do this. ***We are pausing the farm processing facility for six months***. We are really striving to create parity in the zoning ordinance, ***and the existing zoning ordinance as a use by right for a farm processing facility is very specific to wineries. We need to change that so that it is an opportunity for all agricultural operations***.  ECF No. 22-4, PageID 2499 (*emphasis added*).

There was no action taken that treated wineries in an unequal way under the law to their detriment. There was no "admission" that the "moratoria targeted wineries" as Plaintiff claims. ECF No. 27, PageID 3668.  There was only an effort on behalf of the Township to put a moratorium in place to

10

amend the zoning ordinance and provide an equal opportunity for all agricultural operations (grapes, apples, cherries, etc.) to have the same menu of options available to them.

Plaintiff only cites to its own unsupported allegations to support this claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v Iqbal*, 556 US 662 (2009). To overcome a 12(b)(6) motion, "[f]actual allegations [pled] must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 US 544, 127 S Ct 1955, 1964-65 (2007). Plaintiff's argument misconstrues the facts and is not supported by the law as was explained and reasoned in the *Moskovic* case, *supra*.

There has been no unequal application of the law. Plaintiff's claims of a violation of the Equal Protection Clause fail to state a claim upon which relief can be granted and must be dismissed.

### G. Plaintiff Has Not Stated a Valid Claim that Peninsula Township Violated the MZEA

Plaintiff claims that the township violated the MZEA when it passed Amendment 201. ECF No. 27, PageID 3669. As such, Plaintiff alleges that Amendment 201 is "void." *Id.* Plaintiff's Response clarified that Plaintiff is specifically alleging "Peninsula Township failed to comply in two ways." "First, the Planning Commission never submitted a written summary of comments to the Township Board….[and second,] Peninsula Township also failed to comply with the public notice provisions" under MCL 125.3103(4) and MCL 125.306(3). *Id.*

As to the first claim, Plaintiff takes issue with the fact that the Planning Commission and the Township Board had a joint meeting and that the Planning Commission "never submitted a ***written*** summary" to the Board. *Id.* (*emphasis added*). Such joint meetings are common in Michigan for expediency and economy in local government. *See Mich Disposal v Augusta Twp.*,

11

89 Mich App 557, 280 NW2d 596 (1979). However, Plaintiff is adding in its own requirement to the law that this submission be "written." The statute does not require anything be in writing. MCL 125.3308(1) only states, "…the zoning commission shall transmit a summary of comments received at the hearing…" The MZEA does not prescribe *how* the Planning Commission must convey its findings to the Township Board, thus presumptively leaving room for the local municipality to conduct a procedure that complies with its circumstances and best serves its residents. This was not a failure to comply and cannot form a valid basis for Plaintiff's claims.

As to the second claim, Plaintiff alleges that the entire notice was invalid because one portion regarding remote winery tasting rooms was not specifically identified voids the entire notice. That is preposterous. Plaintiff admits that the Township provided a public notice and in that public notice specifically addressed "its intent to remove the winery-chateau use and update the farm processing facility as a use by right." ECF No. 27, PageID 3670. This is the exact provision Plaintiff claims as the basis for its damages. The statute does not require that the Township publish the full text in the notice and as such the fact that one provision was not specifically itemized does not void the notice. Plaintiff's argument that all 23 pages of Amendment 201 are void because one minor piece was not itemized in the notice is illogical and would impose a greater burden on the Township than is legally required. Amendment 201 is not void and Plaintiff has failed to state a claim that the Township violated the MZEA.

And, even if Plaintiff could state some claim for violation of the MZEA, the remedy is not what Plaintiff seeks. Plaintiff's Response argues, "If Amendment 201 was passed in violation of the MZEA, then Peninsula Township must consider Family Orchards' application under the Winery-Chateau ordinance" (the prior version of the Zoning Ordinance that no longer exists). ECF No. 27, PageID 3661. There is no basis under the MZEA to provide this remedy for a claimed

12

procedural violation in the amendment. This Court cannot read a remedy into a statute if the Legislature did not provide that remedy. *See Sandstone Creek Solar, LLC v Twp of Benton*, 335 Mich App 683; 967 NW2d 890 (2021).

### H. Plaintiff Has No Standing to Raise Dormant Commerce Clause, Right to Farm, and First Amendment Challenges to Amendment 201

As explained in detail in Defendant's Brief (ECF No. 23, PageID 3321-3362), Plaintiff lacks the required standing, no matter what test is used. Plaintiff's Response cites to the case of *Bronco's Ent.*, *supra*, for the proposition that they have standing to challenge the zoning restrictions. However, the *Bronco's Ent.* case is distinguishable. There, the property owner acquired property where he could operate the business sought under the zoning ordinance as a matter of right. *Id.* at 311-312. After he submitted his plans, the township instituted a moratorium and amended the zoning ordinance to prohibit the business the plaintiff was operating. *Id*. at 312. In the *Bronco* case, like the others cited by Plaintiff's Response (ECF No. 27, PageID 3671), the plaintiff seeking standing was seeking a use previously permitted by right which was changed after action was taken to commence the business. That's not what happened here. Here, Plaintiff seeks a use that required a special use permit – not a use which was ever permitted by right. Plaintiff does not have standing.

**CONCLUSION**

Defendant Township respectfully requests this Honorable Court grant Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, dismiss Plaintiff's claims with prejudice in their entirety, and award Defendants any other further relief this Court deems just and equitable.

Dated:  September 27, 2024

/s/_____
Lindsay N. Dangl (P73231)
MURPHY & SPAGNUOLO, P.C.
Attorneys for Defendants
ldangl@mbspclaw.com
Secretary: legal3@mbspclaw.com

**CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 7.2**

This Reply Brief complies with the type-volume limitation of Local Rule 7.2(c) because they contain 4,269 words, excluding the parts exempted by Local Rule 7.2(c). This Reply Brief was prepared using Microsoft Word 365.

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause at their respective addresses disclosed on the pleadings on the 27th day of September 2024 by:

___ US Mail     ___ Hand Delivery
___ Facsimile   ___ Overnight Mail
___ E-Mail       X  E-File & Serve

*/s/ Desiree Dimick*
Desiree Dimick, Assistant to Lindsay N. Dangl