## Moran v. Cooper Charter Twp.

Court of Appeals of Michigan

January 23, 2020, Decided

Nos. 345419; 345426

**Reporter**
2020 Mich. App. LEXIS 528 *; 2020 WL 402055

WILLIAM MORAN and JACQUELINE MORAN, also known as JAQUELINE MORAN, Plaintiffs-Appellees, v COOPER CHARTER TOWNSHIP, Defendant-Appellant, and COOPER CHARTER TOWNSHIP ZONING DEPARTMENT, Defendant.

**Notice:** THIS IS AN UNPUBLISHED OPINION. IN ACCORDANCE WITH MICHIGAN COURT OF APPEALS RULES, UNPUBLISHED OPINIONS ARE NOT PRECEDENTIALLY BINDING UNDER THE RULES OF STARE DECISIS.

**Prior History:** [*1] Kalamazoo Circuit Court. LC No. 2017-000134-CZ.

Moran v. Cooper Charter Twp., 2019 Mich. App. LEXIS 965 (Mich. Ct. App., Apr. 3, 2019)

### Core Terms

township, zoning ordinance, liquor store, ordinance, site plan, summary disposition, judicial review, ripe, final decision, zoning, applicability, nonconforming, circuit court, compliance, regulation, quotation, variances, marks, moot, zoning requirements, alteration, retail, vested

### Case Summary

**Judges:** Before: MARKEY, P.J., and GLEICHER and M. J. KELLY, JJ.

### Opinion

PER CURIAM.

William and Jacqueline Moran own property zoned C-1 in Cooper Charter Township. They have been battling since 2006 to put the property to more profitable use without bringing the property into conformance with the physical requirements of the local zoning ordinance. The Morans finally filed suit against the township in 2017. The circuit court granted the township's motion for summary disposition of the Morans' due process, equal protection, and statutory violation claims. However, the court allowed the Morans' claims seeking judicial review of administrative zoning decisions and alleging an unconstitutional taking to proceed toward trial. We affirm the denial of summary disposition as to the Morans' claim seeking judicial review of administrative decisions but reverse as to the takings claim as it was not yet ripe for court review.

I. BACKGROUND

The Morans purchased the property in question in 1992. The property is zoned C-1, commercial district, and may be used for "[r]etail sales of goods and services." From 1992 to 2006, the Morans operated a ceramics shop in the commercial [*2] building on the land. It is important to note that historically the property has not complied with physical zoning requirements pertaining to setback, parking, and lighting. When the Morans rebranded their shop as Stretch-a-Dollar in 2006 and began selling more general merchandise, the township objected. In 2007, the Cooper Charter Township Zoning Board of Appeals (ZBA) found that the Morans' addition of more general merchandise was

not an alteration of the property and therefore the Morans were not required to submit a site plan or to bring the property physically into compliance with the zoning ordinance.

In 2014, the Morans entered a lease with a tenant who intended to open a store selling packaged liquor on the property. Liquor stores were then a permitted retail use in the C-1 district, and the Morans did not plan any physical alterations to the property. However, the township treated the planned liquor store as an alteration or expansion of use under the zoning ordinance, and instructed the Morans to submit a site plan incorporating updates to bring the property into compliance with setback, parking, and lighting requirements. The Morans asserted that they had a vested right to [*3] the nonconforming use of the property and that, provided they did not alter or expand the nonconforming physical aspects of their property, they could switch from one retail use to another without submitting a site plan or bringing the property into compliance.

A lengthy battle ensured before the township planning commission and the ZBA. In June 2018, the ZBA found that changes in the product for sale as well as concerns relating to potential increases in store hours rendered the proposed liquor store an extension, alteration, or addition of the property's use under the zoning ordinance. As a result, the ZBA concluded that the Morans could not open a liquor store without first submitting a site plan that conformed to the physical requirements of the zoning ordinance. Complicating matters, the township amended the zoning ordinance in November 2017 while the current dispute was ongoing, and a liquor store is no longer a permitted use in the C-1 district; a liquor store now requires a special use exception permit. In its June 2018 decision, the ZBA used the amendments in the 2017 ordinance as another reason to compel the Morans to submit a site plan and comply with the physical zoning [*4] requirements.

The Morans then filed suit. Relevant to the current appeal, Count III of the Morans' complaint sought judicial review of the township's administrative zoning decisions and Count IV alleged a taking of property without just compensation. The township's motions for summary disposition relating to these counts were denied. In Docket No. 345419, the township appealed as of right the circuit court's denial of its summary disposition motion on governmental immunity grounds, based on its contention that the Morans' takings claim actually sounded in tort. In Moran v Cooper Charter Twp, unpublished order of the Court of Appeals, entered April 3, 2019 (Docket No. 345426), 2019 Mich. App. LEXIS 965, we granted the township's application for leave to appeal the denial of its summary disposition motion of the takings claim on ripeness and evidentiary grounds, and to appeal the denial of its motion as to the judicial review request.

II. TAKINGS CLAIM

The Morans' takings claim was not yet ripe for judicial review and the circuit court should have dismissed that count under MCR 2.116(C)(4). We review de novo the circuit court's denial of the township's motion for summary disposition. Walker v Johnson & Johnson Vision Prods, 217 Mich App 705, 708; 552 NW2d 679 (1996). Summary disposition is warranted under MCR 2.116(C)(4) when [*5] the court lacks subject matter jurisdiction, such as when an issue is not yet ripe for judicial review. Van Buren Charter Twp v Visteon Corp, 319 Mich App 538, 542-543; 904 NW2d 192 (2017).

In order to pursue judicial review of a takings claim in the context of land use regulations, "the complaining party must satisfy the rule of finality"—the landowner must "show that 'the administrative agency has arrived at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question.'" Frenchtown Charter Twp v City of Monroe, 275 Mich App 1, 6; 737 NW2d 328 (2007), quoting Paragon Props Co v Novi, 452 Mich 568,

577; 550 NW2d 772 (1996).

The finality requirement aids in the determination whether a taking has occurred by addressing the actual economic effect of a regulation on the property owner's investment-backed expectations. As noted in *Williamson*,[1] factors affecting a property owner's investment-backed expectations "simply cannot be evaluated until the administrative agency has arrived at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question." Investment-backed expectations are distinguishable from mere financial speculation. [*Paragon, 452 Mich at 578-579* (citations omitted).]

In other words, "[w]ithout a final decision from the zoning authority, a plaintiff cannot demonstrate that the zoning ordinance or decision specifically [*6] injured the plaintiff." *Hendee v Putnam Twp, 486 Mich 556, 569; 786 NW2d 521 (2010)* (opinion by WEAVER, J.).

Notably, the obligation to obtain a final decision also requires a landowner to seek alternative relief under the applicable zoning ordinances, such as requesting a variance. *Paragon, 452 Mich at 578-580*. "[W]here the possibility exists that a municipality may have granted a variance—or some other form of relief—from the challenged provisions of the ordinance, the extent of the alleged injury is unascertainable unless these alternative forms of potential relief are pursued to a final conclusion." *Conlin v Scio Twp, 262 Mich App 379, 382; 686 NW2d 16 (2004)*. The effort to request alternative relief must involve "at least one *meaningful* application" from the landowner. *Hendee, 486 Mich at 575* (quotation marks and citation omitted; emphasis added).

Under our ripeness rules a takings claim based on a law or regulation which is alleged to go too far in burdening property depends upon the landowner's first having followed *reasonable and necessary steps* to allow regulatory agencies to exercise their full discretion in considering development plans for the property, including the opportunity to grant any variances or waivers allowed by law. . . . [*Braun v Ann Arbor Charter Twp, 262 Mich App 154, 159; 683 NW2d 755 (2004)* (quotation marks and citation omitted; emphasis added).]

If a property owner fails to obtain a [*7] final decision that resolves the possibility of alternative relief, a takings claim will not be considered ripe for judicial review. See *Paragon, 452 Mich at 577*.

The Morans' takings claim related to the applicability of the zoning requirements to their property is not ripe for judicial review. In its June 21, 2018 decision, the ZBA determined that the proposed liquor store constituted an "extension, alteration or addition" to the property's use under the nonconforming use provision of the 2002 Zoning Ordinance,[2] necessitating submission of a site plan and compliance with the physical restrictions in the ordinance. The ZBA also concluded that, under the 2017 Zoning Ordinance, the proposed liquor store required a special exception use permit because a liquor store is no longer a permitted use in the C-1 district. However, in reaching these conclusions, the ZBA did *not* definitively prohibit a liquor store on the site; to the contrary, the ZBA specified that such a use "may be permitted" if the Morans follow through with the ZBA's directions. The June 21, 2018 ZBA decision was therefore not a final decision.

The Morans failed to submit a "meaningful application" regarding the possibility of alternate relief, such [*8] as variances to the physical

---

[1] *Williamson Co Regional Planning Comm v Hamilton Bank of Johnson City, 473 US 172; 105 S Ct 3108; 87 L Ed 2d 126 (1985)*. A second finality-related factor cited in *Williamson* was recently overruled in *Knick v Twp of Scott, ___ US ___; 139 S Ct 2162; 204 L Ed 2d 558 (2019)*. That factor is not at issue in this case.

[2] The relevant nonconforming use provisions are the same in the 2017 Ordinance.

requirements or a special exemption use permit for the property. Instead, throughout the proceedings, the Morans consistently refused to submit a site plan with complete information regarding the physical characteristics and use of the property. The Morans were of course free to argue—as they did—that a site plan was not required because they did not alter a preexisting, nonconforming use. But to obtain a final decision subject to judicial review, they also needed to seek alternative relief, which in this case included taking the "reasonable and necessary steps" of submitting a site plan containing all pertinent information to enable a final administrative decision regarding their proposed plans for the property.[3] *Cf. Conlin, 262 Mich App at 383* (concluding that the plaintiffs failed to meet the finality requirement when they failed to submit "a formal site plan," apply for conditional land use approval, or seek a "dimensional variance").

Absent a site plan containing the pertinent information, the township "could not even consider, much less render a final decision," regarding the Morans' proposed liquor store or any possible variances from the zoning requirements. See *Hendee, 486 Mich at 569*. Because the [*9] Morans refused to provide such information, it is not clear whether a liquor store will ultimately be permitted or, if it is permitted, the precise requirements that must be met and the economic impact of any such requirements on the property. Without a "final, definitive position" from the ZBA regarding regulation of a liquor store on the property in question, see *Frenchtown, 275 Mich App at 6*, the economic effect of the ZBA's decision on the property is uncertain and the Morans' potential injuries are unascertainable. See *Paragon,*

*452 Mich at 578-579*; *Conlin, 262 Mich App at 382*. Given the Morans' failure to obtain a final decision involving possible alternative means of obtaining approval for a liquor store, their takings claim was not ripe for judicial review, and the circuit court erred by denying the township's motion for summary disposition. See *Braun, 262 Mich App at 159-160*.

And given our resolution of this issue, we need not consider the township's assertion that summary disposition of the Morans' takings claim was warranted on the merits under *MCR 2.116(C)(10)*. The factual record will be further developed if the Morans choose to proceed toward a final ZBA decision, rendering useless any review of that issue now. As the takings claim should have been dismissed on ripeness grounds, we also need not address [*10] whether summary disposition was warranted under the Governmental Tort Liability Act, *MCL 691.1401 et seq.* However, we briefly note that the Morans' complaint does not appear to sound in tort, rather than in a constitutional takings claim. In paragraphs 53 and 54 of their complaint, the Morans identify a vested property right in their nonconforming use of the property, cite an allegedly unconstitutional act by the township (requiring compliance with current zoning ordinances), and describe how this act deprived them of their vested right to noncompliance with setback, parking, and other physical property requirements. See *Long v Liquor Control Comm, 322 Mich App 60, 68; 910 NW2d 674 (2017)*.

III. MOOTNESS

The township contends that the entirety of the Morans' complaint was rendered moot by the enactment of an amended zoning ordinance in 2017, which does not include liquor stores in the C-1 district. The applicability of the mootness doctrine poses a question of law that we review de novo. *TM v MZ, 501 Mich 312, 315; 916 NW2d 473 (2018)*. Whether the township should be allowed to present a defense premised on a zoning ordinance amended during the pending litigation—

---

[3] There are exceptions to the finality requirement in cases when, for example, seeking alternative relief would be futile or when the constitutional challenge involves a facial, rather than an as-applied, challenge. See *Paragon Props Co v Novi, 452 Mich 568, 581; 550 NW2d 772 (1996)*; *Bruley Trust v Birmingham, 259 Mich App 619, 628; 675 NW2d 910 (2003)*. The Morans do not argue for the application of an exception in this case.

and to present evidence related to the amended ordinance—is a matter within the discretion of the trial court. See Landon Holdings, Inc v Grattan Twp, 257 Mich App 154, 161; 667 NW2d 93 (2003); Klyman v City of Troy, 40 Mich. App. 273, 279; 198 N.W.2d 822 (1972). "[A]n abuse of discretion occurs only [*11] when the trial court's decision is outside the range of reasonable and principled outcomes." Saffian v Simmons, 477 Mich 8, 12; 727 NW2d 132 (2007). Additionally, whether an ordinance amended during litigation applies to the dispute poses underlying questions of fact, which we review for clear error. Grand/Sakwa of Northfield, LLC v Northfield Twp, 304 Mich App 137, 143-144; 851 NW2d 574 (2014).

"Michigan courts exist to decide actual cases and controversies, and thus will not decide moot issues." Thomas M Cooley Law Sch v Doe 1, 300 Mich App 245, 254; 833 NW2d 331 (2013). "A case that does not rest upon existing facts or rights and presents nothing but abstract questions of law is moot." Gleason v Kincaid, 323 Mich App 308, 314-315; 917 NW2d 685 (2018). In other words, "[a]n issue is moot when a subsequent event makes it impossible for this Court to grant relief," id. at 314, or "if this Court's ruling cannot for any reason have a practical legal effect on the existing controversy," Thomas M Cooley Law Sch, 300 Mich App at 254 (quotation marks and citation omitted).

Generally, a reviewing court must apply the version of a zoning ordinance in effect at the time of the municipality's decision. Landon, 257 Mich App at 161. "This general rule is subject to two narrow exceptions. A court will not apply an amendment to a zoning ordinance where (1) the amendment would destroy a vested property interest acquired before its enactment, or (2) the amendment was enacted in bad faith and with unjustified delay." Grand/Sakwa, 304 Mich App at 141 (quotation marks and citation omitted). "The [*12] second exception applies if the trial court finds that the newer classification was enacted for the purpose of manufacturing a defense to plaintiff's suit." Id. at 142 (quotation marks and citation omitted). "The factual determination that must control is whether the *predominant* motivation for the ordinance change was improvement of the municipality's litigation position." Id. at 143-144. See also Landon, 257 Mich App at 165 (considering whether the township "violate[ed] the ordinance and then attempt[ed] to change the ordinance to justify its past behavior").

As illustrated in this Court's caselaw, determining the applicability of an amended ordinance is a fact-intensive inquiry that involves weighing numerous factors and considerations:

> In *Klyman*, [40 Mich App at 279], this Court identified several factors to be considered when exercising discretion to admit or deny evidence of an amended ordinance: (a) whether the plaintiff had an unquestionable right to issuance of a permit before the amendment, (b) whether the municipality had not forbidden the type of construction the plaintiff proposed before the amendment, (c) whether the ordinance was amended for the purpose of manufacturing a defense to the plaintiff's suit, and (d) whether the city waited until [*13] the last possible minute to assert the defense. Similarly, in [Rodney Lockwood & Co v Southfield, 93 Mich App 206, 211; 286 NW2d 87 (1979)], this Court reiterated the general rule that the law to be applied is that in effect at the time of the zoning decision, subject to the exception that a court will not apply an amendment of a zoning ordinance if the amendment was "enacted for the purpose of manufacturing a defense to plaintiffs' suit." The Court noted that, in the case before it, there was evidence indicating that the amendment was intended to clarify an ambiguous ordinance and that the amendment did not apply only to the plaintiffs' property, but applied to all like structures throughout the city. . . . [Great Lakes Society v Georgetown Charter Twp, 281 Mich App 396, 419-420; 761 NW2d 371 (2008).]

In this case, the pertinent change made by the 2017

amendment was the reclassification of liquor stores from a permitted use in the C-1 district to a use permitted only by special use exception permit. The change is significant because (1) as a special use under the amended ordinance, the liquor store requires the site plan that the Morans maintain they are not required to provide and (2) more substantively, the Morans' position that they can switch retail uses—provided they make no physical modifications to the property—is weakened given that their [*14] proposed change no longer involves a permitted use in the C-1 district under the 2017 amendment.[4]

In disputing the applicability of the 2017 amendment, the parties debate whether the amendment affected a vested property right held by the Morans and whether the township acted in bad faith or with unjustifiable delay by amending its zoning ordinance during the pendency of the current litigation. Not surprisingly, both parties highlight the evidence and circumstances favorable to their respective positions. For example, with regard to the question of the township's bad faith, the Morans emphasize the timing and effect of the 2017 amendment, which undisputedly came several months after they filed the current suit and which arguably provided the township with a defense to undercut the Morans' claims that they could switch from one retail use to another without filing a site plan or bringing the nonconforming physical aspects of their property into compliance. Indeed, the Morans emphasize that in the 2007 dispute, the ZBA ultimately agreed with their assertion that it could switch retail uses within the C-1 district without filing a site plan or meeting physical zoning requirements, [*15] but the 2017 amendment has given the township a basis for reaching a different conclusion with regard to liquor stores, effectively giving the township a defense that did not exist when the Morans filed their complaint. See *Keating Int'l Corp v Orion Twp, 395 Mich. 539, 547; 236 N.W.2d 409 (1975)*. In comparison, the township highlights considerations favorable to their assertion that there was no bad faith, including the general applicability of the zoning ordinance and the fact that the ordinance included other changes in addition to the reclassification of liquor stores as a special use exception in the C-1 district. There are, in short, competing considerations and arguments to be made on both sides regarding the township's predominant motivation for adopting the 2017 Ordinance.

Notably, none of these issues pertaining to the nature of the Morans' nonconforming property rights or the township's motivation for adopting the 2017 Zoning Ordinance have been addressed by the circuit court. The township raised the question of the 2017 Ordinance's applicability in a motion for summary disposition, which the court denied, concluding that factual questions remained. Given the numerous factors to be weighed in assessing whether an ordinance enacted during litigation [*16] applies to this dispute, and considering the underlying questions of fact to be resolved, we are persuaded that the issue of the 2017 amendment's applicability should be decided by the circuit court in the first instance, and we decline to address these factual issues for the first time on appeal. See *In re Martin, 200 Mich App 703, 717; 504 NW2d 917 (1993)* (quotation marks and citation omitted) ("An appellate court's primary function in regard to fact finding is review of the trial court's record and determination whether that record supports the trial court's findings.").[5]

---

[4] See generally *Redford Moving & Storage Co v Detroit, 336 Mich 702, 709; 58 NW2d 812 (1953)* (considering degree of conformance with zoning classifications—in *Redford*, a move toward greater conformance—as a factor relevant to whether change in use of nonconforming property should be permitted); *Paye v Grosse Pointe, 279 Mich 254, 260; 271 NW 826 (1937)* (noting permissible use of property under the ordinance when deciding whether aesthetic alterations to the building constituted an alteration of nonconforming property prohibited by the ordinance).

[5] Additionally, we note that even if the circuit court concludes that the 2017 amendment applies in this case, the township would not be entitled to summary disposition on mootness grounds; instead, the township would be entitled to application of the amended ordinance in resolving the Morans' claims. In other words, while this case will

We further note that the circuit court must resolve whether the 2002 or 2017 Zoning Ordinance applies before the township and the ZBA can reach a definitive and final decision. Accordingly, dismissal of Count III on ripeness grounds would be inappropriate.

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. As neither party prevailed in full, neither may tax costs under MCR 7.219(A).

/s/ Jane E. Markey

/s/ Elizabeth L. Gleicher

/s/ Michael J. Kelly

---

End of Document

---

require the court to make an initial determination whether the 2017 amendment applies, the question that is answered by this decision is which ordinance will undergo further review related to the township's decisions regarding the subject property. See Grand/Sakwa of Northfield, LLC v Northfield Twp, 304 Mich App 137, 144 n 3; 851 NW2d 574 (2014). See, e.g., Rodney Lockwood & Co v Southfield, 93 Mich App 206, 212; 286 NW2d 87 (1979) ("Having determined that the amended zoning ordinance was properly applied, [*17] we now look to its constitutionality."). Even if the 2017 amendment applies, the substantive question remains whether the township's decision was authorized by law and supported by competent, material, and substantial evidence on the record. See generally Great Lakes Society v Georgetown Charter Twp, 281 Mich App 396, 419-421; 761 NW2d 371 (2008) (addressing initial question whether amended ordinance applied and then turning to analysis of the township's substantive decision under the ordinance). Consequently, even if applicable, adoption of the 2017 amendment does not necessarily render the Morans' claims moot.