UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| FAMILY ORCHARDS, LLC, )<br>      Plaintiff, )<br> ) | No. 1:22-cv-943 | |
| v. ) | | |
| ) | Honorable Paul L. Maloney | |
| PENINSULA TOWNSHIP, )<br>      Defendant. )<br>_____ ) | | |

## OPINION AND ORDER GRANTING MOTION TO DISMISS

This matter comes before the court on Defendant's motion to dismiss (ECF No. 23). Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's claims because either they are moot or Plaintiff lacks standing to bring them. Alternatively, Defendant claims that Plaintiff has failed to state a claim upon which relief can be granted. The Court agrees that Plaintiff has not sufficiently established that it has both a live controversy and standing with regard to any of its claims and so grants Defendant's motion.

I.

Motions to dismiss for lack of subject-matter jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(1). Challenges to subject-matter jurisdiction may be facial or factual. *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). With a facial challenge, the factual allegations of the complaint are taken as true. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012). With a factual challenge, courts do not have to accept the allegations as true and may "weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Id.*

1

Motions to dismiss for failure to state a claim are governed by Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true" to plausibly suggest that the plaintiff is entitled to the relief requested. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facts "merely consistent with" the defendant's liability suggest only possibility, not plausibility, and thus fail this test. *Id.* In assessing whether the complaint contains sufficient factual matter, courts need only accept factual allegations as true and not legal conclusions or unwarranted inferences. *Kottmayer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

## II.

For the purposes of evaluating this motion, the Court assumes the factual allegations in Plaintiff's second amended complaint are true. (ECF No. 22). Plaintiff Family Orchards, a limited liability company, owns land in Peninsula Township. (ECF No. 22, ¶ 7). Plaintiff acquired the land to operate a "Winery Chateau," a specific type of operation defined under the then-existing zoning ordinance for Peninsula Township, the Peninsula Township Zoning Ordinance (PTZO). (ECF No. 22, ¶ 11). Plaintiff took steps to prepare to operate a Winery Chateau, including hiring a consultant to do soil analyses, feasibility studies, and land-use planning analyses. (ECF No. 22, ¶ 16). Plaintiff also intended to apply for a "Small Wine Maker" permit from the state as defined under state statute. (ECF No. 22, ¶ 17). Operation of a Winery Chateau at the time Plaintiff acquired the land required a special use permit (SUP) from the Township Board. (ECF No. 22, ¶ 12). To be eligible for the SUP to operate a Winery Chateau, Family Orchards would have to meet certain minimum requirements, which it did. (ECF No. 22, ¶ 13). The Township Board, however, had discretion to deny

SUPs even to those who met the minimum requirements. Plaintiff submitted its initial application for an SUP on April 12, 2022. (ECF No. 22, ¶ 35).

The PTZO was subject to much debate and modification both before and after Plaintiff submitted its application; the Township Board had been working on revisions to the PTZO since 2015. (ECF No. 22, ¶ 53). On January 3, 2022, the Township Board purported to enact a six-month moratorium on consideration of SUPs. (ECF No. 22, ¶ 25). On June 14, 2022, the Board purported to enact another moratorium on the consideration of SUPs. (ECF No. 22, ¶ 42). In July of 2022, Plaintiff submitted another application for an SUP, when Plaintiff argues neither moratorium was in legal effect. (ECF No. 22, ¶ 82). Both Plaintiff's initial application and this new application were denied on the basis of the moratoria. (ECF No. 22, ¶¶ 36, 83). On December 13, 2022, the Township Board passed Amendment 201, an overhaul of the zoning ordinances which, among other changes, eliminated the Winery Chateau designation altogether. (ECF No. 22, ¶ 116). Plaintiff has not filed an application for anything under Amendment 201 and does not claim that it intends to do so.

This litigation began before that date; Plaintiff filed its initial complaint on October 11, 2022. (ECF No. 1). Ultimately, over the course of the litigation, Plaintiff filed a second amended complaint on July 23, 2024. (ECF No. 22). Plaintiff alleges that the Township Board passed Amendment 201 "to manufacture a defense to this lawsuit." (ECF No. 22, ¶ 117). Specifically, Plaintiff alleges that the Township Board went into a closed session on December 8, 2022, to consult with the Township's attorney regarding Plaintiff's lawsuit and

litigation by a number of wineries in Peninsula Township before passing Amendment 201 the following week. (ECF No. 22, ¶¶ 115-16).

In its second amended complaint, Plaintiff brings several claims. The first two relate to the denial of its SUP application under the old PTZO, alleging that Plaintiff was denied rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. (ECF No. 22, ¶¶ 119-47). The remaining claims are argued in the alternative if this Court finds that Amendment 201 is effective rather than the old PTZO. *E.g.* (ECF No. 22, ¶ 149). In that case, Plaintiff alleges that Amendment 201 is procedurally inadequate under Michigan law, (ECF No. 22, ¶¶ 148-54), and that portions of it are unconstitutional or preempted by state law, (ECF No. 22, ¶¶ 155-228).

Defendant filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim on August 6, 2024. (ECF No. 23). Defendant argues that Plaintiff's first two claims regarding the old PTZO are moot because of the enactment of Amendment 201. Defendant also argues that Amendment 201 was enacted in compliance with state law and that Plaintiff lacks standing to challenge its substantive constitutionality and legality.

### III.

If Amendment 201 is in effect, then Plaintiff's constitutional claims regarding the denial of its SUP under the old rules are moot and Plaintiff must have standing to bring its remaining claims about the legality and constitutionality of Amendment 201. The Court thus begins with analysis of Amendment 201 and finds that it is legally in effect.

A. **Plaintiff's Due Process and Equal Protection Claims are Moot Because Amendment 201 is Legally in Effect.**

In its due process and equal protection claims, Plaintiff asks the Court to require the Township to follow the old PTZO. (ECF No. 22, ¶¶ 138, 147). Courts, though, must apply current zoning law rather than that which previously existed. *Grand/Sakwa of Northfield, LLC v. Northfield Twp.*, 851 N.W.2d 574, 578 (Mich. Ct. App. 2014). Courts will apply old zoning law when the new law would "destroy a vested property interest acquired before its enactment" or when the new law was "enacted in bad faith and with unjustified delay." *Id.* (quoting *Lockwood v. Southfield*, 286 N.W.2d 87, 89 (Mich. Ct. App. 1979)). Plaintiff also argues the enactment of Amendment 201 failed to strictly follow the Michigan Zoning Enabling Act, so the old PTZO is still in effect. The Court considers each exception in turn.

1. **Amendment 201 did not destroy a vested property interest held by Plaintiff.**

Plaintiff asserts two property interests: first, in the issuance of the SUP, and second, in the procedure inherent to receiving and considering the application for the SUP under the old PTZO. Plaintiff had neither. Property interests do not exist without a legitimate claim of entitlement, and there is no legitimate claim of entitlement to discretionary decisions. *Richardson v. Twp. of Brady*, 218 F.3d 508, 517 (6th Cir. 2000). When a local governing board maintains discretion to grant or deny a special use permit even when the minimum requirements are met, no vested property interest exists in the issuance of the permit. *Triomphe Invs. v. City of Northwood*, 49 F.3d 198, 203 (6th Cir. 1995). *Triomphe* squarely governs Plaintiff's claim to a property interest in the issuance of the SUP. In *Triomphe*, the plaintiff argued that it had a property interest in issuance of a special use permit for which it

met the minimum requirements even when the local board had discretion to deny permits to those who met the minimum requirements. *Id.* The court disagreed, finding that the local government's discretion to grant or deny the special use permit meant that the plaintiff could not have any legitimate claim of entitlement to or justifiable expectation in receiving the permit. *Id.* Here, Plaintiff's situation is the same: while Plaintiff cites several sections of the old PTZO using the term "shall," ultimately, the Township Board had the ability to deny the SUP on discretionary grounds. (ECF No. 22-20, PageID.3096). Thus, Plaintiff had no vested property interest in receiving the SUP which Amendment 201's enactment could have destroyed.

Plaintiff's claim to a property right in procedural steps fares no better. The Sixth Circuit evaluated a similar claim in *Richardson*. There, the plaintiff claimed that failure by the local government to process his request for a discretionary text amendment quickly or in his desired form violated his property rights. *See Richardson*, 218 F.3d at 516-17. The Sixth Circuit held that he had "no protected property interest in the procedure itself." *Id.* at 518 (citing *United of Omaha Life Ins. Co. v. Solomon*, 960 F.2d 31, 34 (6th Cir. 1992)). *Richardson* applies here. Plaintiff never had any *property* interest in the Township following the existing procedures in considering SUP applications. Since Plaintiff had no vested property interests which Amendment 201's passage destroyed, this exception does not apply.

### 2. Amendment 201 was not enacted in bad faith and with unjustified delay.

This exception applies when the amendment to zoning law was enacted "simply to manufacture a defense" to the plaintiff's suit. *Grand/Sakwa of Northfield, LLC*, 851 N.W.2d at 578 (quoting *Klyman v. City of Troy*, 198 N.W.2d 822, 825 (1972)). The question is

6

whether the "predominant motivation" for changing the ordinance was improving the defendant's litigation position. *Grand/Sakwa of Northfield, LLC*, 851 N.W.2d at 579. Plaintiff makes two arguments that this exception applies here: first, it argues that the Township's handling of the SUP application demonstrate bad faith and unjustified delay, and second, it argues that the complaint sufficiently pleads that the Township's predominant motivation in enacting Amendment 201 was to improve its litigation position in this case.

Plaintiff's first argument fails because the "bad faith and unjustified delay" exception is a narrow one limited to situations where the zoning amendment was enacted to improve the governing body's position in the instant litigation. *Id.*; *Landon Holdings, Inc. v. Grattan Twp.*, 667 N.W.2d 93, 98 (Mich. Ct. App. 2003) (writing that the test "is whether the amendment was enacted for the purpose of manufacturing a defense to plaintiff's suit" (quoting *Lockwood v. City of Southfield*, 286 N.W.2d 87, 89 (Mich. Ct. App. 1979))). It is unclear how the Township's conduct in, for example, relying on the moratoria or delaying action on Plaintiff's applications could demonstrate that Amendment 201 was enacted to improve the Township's position in litigation which had not yet begun.

Plaintiff's second argument more directly fits within the narrow scope of the exception but fails because the complaint failed to plead sufficient facts to plausibly suggest that the Township's predominant motivation was improving its position in this case. Plaintiff does plead that after its first amended complaint was filed on November 28, 2022, (ECF No. 7), the Township Board met with its attorney on December 8, 2022, to discuss "the winery lawsuit" and "the Family Orchards lawsuit" before enacting Amendment 201 on December 13, 2022, (ECF No. 22, ¶¶ 115-16). Merely establishing that the timeline of events is

consistent with Plaintiff's theory is insufficient, however, to push past the plausibility threshold. *See Ashcroft*, 556 U.S. at 678 (contrasting facts "merely consistent with" defendant's liability with facts suggesting that the defendant is plausibly liable under the plaintiff's theory).

Moreover, other factual allegations undermine, rather than support, the inference that the Township acted predominantly to manufacture a defense in this case. "The winery lawsuit" Plaintiff alleges that the Township Board discussed with its attorney is *Wineries of the Old Mission Peninsula Ass'n v. Peninsula Township*, No. 1:20-cv-1008, 2022 WL 22235559 (W.D. Mich. Dec. 2, 2022), orders from which Plaintiff references in the complaint and cites in subsequent briefing. (ECF No. 22, ¶ 67). The fact that the Board spoke with their attorneys about *other* litigation undercuts the centrality of *this* case to their thought processes. In other parts of the complaint, Plaintiff alleges that the Board had other motives in adopting Amendment 201, such as the promotion of local industry. (ECF No. 22, ¶¶ 161-62). Nothing in the complaint suggests that the motivation to improve the Township's litigation position in this case predominated over these other motivations. Amendment 201's wider applicability beyond Plaintiff's property further undercuts any inference that improving defenses in this litigation was a predominant motivation for the Township. *See Klyman*, 198 N.W.2d at 825 ("The ordinance was not enacted simply to manufacture a defense. In this regard we note that the amended ordinance is not a simple rezoning of the plaintiffs' property but is an ordinance of wide applicability."). Thus, Plaintiff failed to plead sufficient facts to plausibly suggest that the bad faith and unjustified delay exception applies.

### 3. Amendment 201 complied with procedural requirements under the Michigan Zoning Enabling Act.

Plaintiff argues that Amendment 201's enactment failed to strictly follow the rules in the Michigan Zoning Enabling Act (MZEA), and thus the old PTZO was never displaced by it. Local zoning ordinances must "fully comply" with the state enabling statute to have legal effect. *Krajenke Buick Sales v. Kopkowski*, 33 N.W.2d 781, 783 (Mich. 1948). Plaintiff argues that Amendment 201's enactment was less than fully compliant in two ways: first, the Planning Commission did not submit a written summary of comments to the Township Board, and second, the Township failed to include the "Remote Winery Tasting Room" section of the ordinance in its public notice.

Plaintiff's first argument fails because it erroneously assumes that the MZEA requires that zoning commissions must transmit summaries of comments in writing. Plaintiff identifies Michigan Compiled Laws § 125.3308 as the source of this requirement. That section provides that the zoning commission "shall transmit a summary of comments received at the hearing and its proposed zoning ordinance, including any zoning maps and recommendations, to the legislative body of the local unit of government." Mich. Comp. Laws § 125.3308. This language does not require a written summary of comments, merely that the commission "transmit" a summary in some form. If the legislature intended to require a written summary, they could have; other sections of the MZEA explicitly include the word "written" while this one does not. *Compare* Mich. Comp. Laws § 125.3308, *with* Mich. Comp. Laws § 125.3103(4) ("A notice under this section shall . . . [i]ndicate when and where written comments will be received concerning the request."). Plaintiff alleges that the

9

Planning Commission and Township Board held a special joint meeting on October 11, 2022. (ECF No. 22, ¶¶ 105-08). Plaintiff claims this meeting did not suffice under § 125.3308 because the Commission never gave the Board a written summary of comments, but they did not need to. Thus, Plaintiff has failed to demonstrate that Amendment 201 failed the requirements of the MZEA on this ground.

Plaintiff's argument that the public notice was insufficient also reads requirements into the MZEA that are not there. Plaintiff cites § 125.3103(4)(a) and § 125.3306(3) and argues that the public notice was insufficient because it failed to give notice of the Remote Winery Tasting Room ordinance. Section 125.3103(4)(a) requires that a public notice "[d]escribe the nature of the request." This does not require that the full text, or even every provision, of an ordinance under consideration be included in the notice, merely that the notice be sufficient to generally describe the nature of possible action. Plaintiff does not explain how the Remote Winery Tasting Room section is so significant as to require its own distinct entry or to not fall within the general subject matter described in the notice. The public notice at issue said that the public hearing would concern "adoption of amendments to the Peninsula Township Zoning Ordinance related to Farm Processing Facilities, Winery-Chateaus" and other items. (ECF No. 22-28, PageID.3209). Section 125.3306(3) requires that the public notice include "places and times at which the proposed text and any maps of the zoning ordinance may be examined." This public notice did this. (ECF No. 22-28, PageID.3210). Notably, the language of § 125.3306(3) implies that notices will not contain the text of proposed ordinances, instead giving instructions on how to find the full text. Because Plaintiff has failed

10

to demonstrate a procedural infirmity with Amendment 201's enactment under the MZEA, it stands as the controlling zoning ordinance.

### 4. Since Amendment 201 controls, Plaintiff's Due Process and Equal Protection claims are moot.

Mootness is a jurisdictional consideration rooted in Article III, which confers authority only to adjudicate cases and controversies. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). A case becomes moot when any controversy becomes untethered from a dispute about the particular plaintiff's legal rights. *Id.* Generally, the repeal of a legislative provision makes moot any challenge to it. *Kentucky Right to Life, Inc. v. Terry*, 108 F.3d 637, 644 (6th Cir. 1997). Claims for damages can revive an otherwise moot case, *see Midwest Media Prop., LLC v. Symmes Twp.*, 503 F.3d 456, 461 (6th Cir. 2007), but only when those claims are viable, *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 581 (6th Cir. 2012); 13C Wright & Miller's Federal Practice & Procedure § 3533.3 (3d ed. 2008).

Here, Plaintiff's due process and equal protection claims both ask the Court to require the Township to apply a law that is no longer in effect and consider a permit application for a designation that no longer exists. (ECF. No. 22, ¶ 138, 147). They are not claims about Plaintiff's current legal entitlement to relief and are moot. The complaint does reference damages with regard to these claims, but only in the barest of terms. (ECF No. 22, ¶ 118) ("As a result of Peninsula Township's actions, Family Orchard has suffered damages."); (ECF No. 22, ¶ 147) ("Family Orchards has suffered damage as a result of Peninsula Township's actions."). These are conclusory statements which do not provide sufficient factual basis to determine what actions by the Defendant caused what specified

11

harm to Plaintiff; no harms are specified. The lack of any property interest in the SUP or the procedures surrounding it further underlines that the complaint does not show "any injury deserving of compensation" in connection with these claims. *Ohio Citizen Action*, 671 F.3d at 581; *see also Tawwab v. Metz*, 554 F.2d 22, 24 & n.4 (2d Cir. 1977) (ordering dismissal as moot when the claim for damages was "so remote and speculative that it could not stand"). Thus, the claims for damages are insufficient to revive the due process and equal protection claims into live controversies, and the claims must be dismissed as moot.

### B. Plaintiff Lacks Standing to Bring its Remaining Claims

Plaintiff's remaining claims allege various constitutional and state law infirmities with all or part of Amendment 201. For a federal court to have jurisdiction to hear any claim, the plaintiff must have standing to bring that claim. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Constitutional standing has three elements: the plaintiff must suffer a concrete and particularized injury in fact which is actual or imminent, that injury must have been caused by the conduct complained of, and it must be likely that a favorable decision would redress the injury. *Id.* at 560-61. When a plaintiff challenges governmental action directed at an entity other than the plaintiff, establishing standing can be difficult. *Id.* at 562. Plaintiffs can have standing to challenge a law based on future intentions to act if the plaintiff alleges an intention to act in a way the law proscribes and the threat of enforcement is credible. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014). But, if the injury in fact is "highly conjectural, resting on a string of actions the occurrence of which is merely speculative," the plaintiff will not have standing. *Grendell v. Ohio Supreme Ct.*, 252 F.3d 828, 833 (6th Cir. 2001).

Here, Plaintiff has not pled sufficient facts in the claims challenging Amendment 201 to establish an injury in fact. Plaintiff does not claim to have applied for anything under Amendment 201 and does not claim to have any intention to do so in the future. The intentions that Plaintiff pled were to operate a Winery Chateau under the old PTZO, (ECF No. 22, ¶ 11), and to apply for a Small Wine Maker license from the state, (ECF No. 22, ¶ 17). Since Plaintiff's intentions were stated in terms of the old PTZO, discerning Plaintiff's intentions in a world without that ordinance relies on conjecture. Plaintiff's intention to apply for the state license does little to clarify things. The Complaint does not fill in the blanks of what sort of operation Plaintiff might wish to run and which provisions of Amendment 201 might frustrate those plans, if any. The more specific Plaintiff's challenges to provisions of Amendment 201, the more unclear it becomes that Plaintiff has suffered an injury traceable to that provision given the guesswork required as to Plaintiff's intentions.[1]

Plaintiff argues that Defendant's actions in enforcing the old PTZO demonstrate that enforcement of similar provisions in Amendment 201 is imminent enough to constitute an injury in fact. However, the injury in fact must still be to Plaintiff. *Lujan*, 504 U.S. at 560; *Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 349 (6th Cir. 2007). Whatever enforcement activities Defendant might engage in under Amendment 201, Plaintiff has not made clear how it would potentially be subject to them. Injuries to others do not suffice to

---

[1] The broadest challenge to Amendment 201 is Plaintiff's third claim that Amendment 201, in its entirety, is unlawful because it is procedurally deficient under the MZEA. Plaintiff's intentions as stated in the complaint do not provide enough clarity as to how its intentions intersect with Amendment 201 at all. However, assuming the complaint could provide enough guidance to collide with some part of Amendment 201, Plaintiff's MZEA deficiency claim could be dismissed for failure to state a claim for reasons discussed previously.

establish standing; the plaintiff must be among the injured. *Ass'n of Am. Physicians & Surgeons v. FDA*, 13 F.4th 531, 537 (6th Cir. 2021).

Plaintiff argues that it does not need to apply for a permit or be denied one to advance its First Amendment claim, citing cases such as *Bronco's Entertainment Ltd. v. Charter Township of Van Buren*, 29 F. App'x 310 (6th Cir. 2002). In *Bronco's* and the other cases cited by Plaintiff for this argument, *see, e.g., Christy v. City of Ann Arbor*, 824 F.2d 489 (6th Cir. 1987); *CLR Corp. v. Henline*, 702 F.2d 637 (6th Cir. 1983); *Keego Harbor Co. v. City of Keego Harbor*, 657 F.2d 94 (6th Cir. 1981), the plaintiffs had a clear intention to operate their businesses in a certain way that would have been prohibited by the challenged law. That is not the case here: Plaintiff has not pled what its intentions are with regard to its business, whether it intends to apply for certain permits under Amendment 201, whether it intends to operate a business in contravention of Amendment 201, or other key details of its possible intentions. The complaint contains no indication that Plaintiff intends to engage in any of the "political rallies, advertising" or other "forms of speech" it alleges Amendment 201 prevents. (ECF No. 22, ¶ 219).

The more apt comparison here is to *Midwest Media Property, LLC*. In that case, the plaintiffs sought to challenge a broad swath of a township's sign regulations but pled only that they intended to post signs which failed to comply with size and height requirements. *Midwest Media Property, LLC*, 503 F.3d at 464. Because they had not even announced an intention to act in a way that would threaten enforcement of the other provisions, the plaintiffs did not establish an injury in fact and so lacked standing. *Id.* This was true despite those plaintiffs' appeals to overbreadth and facial challenge doctrines to try and loosen the

14

standing requirement: the plaintiffs still needed to demonstrate a particularized injury and could not. *Id.* Plaintiff, here, has not shown an intention to act in a way that would make Amendment 201 injurious to it without sheer conjecture filling in the gaps. Thus, it lacks standing to challenge Amendment 201, under the First Amendment or any other theory.

None of Plaintiff's claims pass both the jurisdictional barriers of mootness and standing. Thus, the Court must dismiss Plaintiff's claims for lack of subject matter jurisdiction and so grants Defendant's motion to dismiss.

## IV.

Plaintiff has not presented a justiciable case or controversy the Constitution empowers this Court to hear; it presented only moot discussions of old law or challenges to current law in which it lacks standing. Thus, Defendant's motion to dismiss (ECF No. 23) is **GRANTED**.

**IT IS SO ORDERED.**

Date: September 8, 2025                              /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge